IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARRMON H. DAUGHERTY, | ) | 4:10CV3111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF LINCOLN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on June 9, 2010. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on June 9, 2010, against the City of Lincoln, the Lincoln Police Department ("LPD"), and five LPD officers, who he identifies as Armstrong, Denzin, Hose, Smith, and Vigil. (Filing No. 1 at CM/ECF p. 1.) He has sued the officers in their individual and official capacities. (*Id.* at CM/ECF p. 2.)

Condensed and summarized, Plaintiff alleges that he was involved in a high-speed pursuit with LPD officers on August 23, 2009, in which he "sustained injuries" after striking a light pole with his vehicle. (*Id.*) After the pursuit ended, Plaintiff was taken into custody by Officers Denzin and Hose, at which time Plaintiff asked for and was denied medical attention. (*Id.*) Although Plaintiff was denied medical attention, Officer Vigil arrived on the scene and immediately sought medical attention for Plaintiff's passenger. After being taken into custody, Plaintiff was transported to the Lancaster County Department of Corrections by Officer Smith. There, he asked Officer Denzin for medical attention, and Officer Denzin denied his request. (*Id.* at CM/ECF p. 3.)

Plaintiff alleges that LPD officers intentionally denied his right to medical treatment, and that his injuries were a result of LPD's failure to supervise or train its officers. (*Id.* at CM/ECF p. 4.) Plaintiff seeks "actual, special, punitive, and compensatory damages" against the City of Lincoln, LPD, and the five officers. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); see also *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must

2

show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION OF CLAIMS

#### A.  Official Capacity and Municipality Claims

Plaintiff names the City of Lincoln, LPD, and Officers Armstrong, Denzin, Hose, Smith, and Vigil as Defendants in this matter. (Filing No. 1 at CM/ECF p. 1.) The court construes a suit against LPD as being a suit against the City of Lincoln, Nebraska. Further, the court construes a suit against LPD officers in their official capacities as being a suit against the City of Lincoln, Nebraska. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

As a municipal defendant, the City of Lincoln may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

1)  The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

3

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by City of Lincoln employees, or that the City of Lincoln's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against the City of Lincoln across the line from conceivable to plausible under the *Jane Doe* standard.

On its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against the City of Lincoln in accordance with the *Jane Doe* standard. Any amended complaint must restate the allegations of Plaintiff's prior Complaint and any new allegations. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### B. Claim for Denial of Medical Treatment

The court liberally construes Plaintiff's Complaint to allege a Fourteenth Amendment claim relating to denial of medical treatment. At the time of the alleged constitutional violation, Plaintiff was a pretrial detainee. Pretrial detainees' rights arise under the Due Process Clause of the Fourteenth Amendment. *Spencer v.*

*Knapheide Truck Equipment Co.*, 183 F.3d 902, 905 (8th Cir. 1999), cert. denied, 528 U.S. 1157 (2000). Although a pretrial detainee's claim of inadequate medical care is brought under the Due Process Clause, such claims are analyzed in much the same way as a prisoner's Eighth Amendment claim of deliberate indifference to a serious medical need. *Id.* Under the Eighth Amendment, a prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn*, 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104).

Here, Plaintiff alleges that he twice asked LPD officers for medical attention and they ignored his requests, but he does not allege that his medical needs were serious. Rather, Plaintiff simply states that he "sustained injuries" and asked for medical attention. (Filing No. 1 at CM/ECF p. 2.) Plaintiff has therefore failed to allege a cognizable Fourteenth Amendment medical claim against Defendants. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a Fourteenth Amendment medical claim upon which relief can be granted against Defendants. Again, any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

5

1. Plaintiff shall have until **October 17, 2010**, to amend his Complaint to clearly state a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on October 17, 2010.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice**.

DATED this 16th day of September, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.