IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARRMON H. DAUGHERTY, | ) | 4:10CV3111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| | ) | |
| CITY OF LINCOLN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Notice of Appeal (filing no. 18), which the court liberally construes as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the court finds that Plaintiff is entitled to relief from judgment based on excusable neglect.

### *I. BACKGROUND*

On September 16, 2010, the court conducted an initial review of Plaintiff's Complaint (filing no. 1) and determined that Plaintiff had failed to set forth sufficient factual allegations against Defendants,[1] and ordered that Plaintiff amend his Complaint by October 17, 2010, to clearly state a claim upon which relief may be granted against Defendants. (Filing No. 10 at CM/ECF pp. 4-6.) The court's September 16, 2010, Memorandum and Order was returned to the court as undeliverable on October 1, 2010. (*See* Filing No. 12.) Thereafter, the court ordered Plaintiff to apprise the court of his current address by November 12, 2010, and warned him that failure to do so would result in dismissal of his Complaint. (Filing No. 13.) Plaintiff filed a Notice of Change of Address on October 20, 2010 (filing

---

[1] For clarity, the court will refer to this initial review as the court's "September 16, 2010, Memorandum and Order."

no. 14), at which time the Clerk of the court resent to Plaintiff the September 16, 2010, Memorandum and Order. (*See* Text entry dated October 21, 2010.) Plaintiff did not respond in any way to the court's September 16, 2010, Memorandum and Order. (*See* Docket Sheet.)

On November 9, 2010, the court dismissed Plaintiff's Complaint without prejudice and entered Judgment against him because he failed to amend his complaint, as ordered by the court in its September 16, 2010, Memorandum and Order. (Filing Nos. 16 and 17.) On November 16, 2010, Plaintiff filed an untitled document, which the Clerk of the court filed as a Notice of Appeal and the court now liberally construes as a Motion for Relief from Judgment, "petition[ing] the judicial council for review" of the court's order dismissing his Complaint. (Filing No. 18.) In this Motion, Plaintiff states that, due to his change of address, he received the court's September 16, 2010, Memorandum and Order on October 21, 2010, which was three days past the deadline for filing an amended complaint. (*Id.* at CM/ECF p. 2.) In light of this, Plaintiff assumed the court would give him a new deadline for filing an amended complaint. (*Id.*) In his Motion, Plaintiff seeks "for the courts to give [him] a proper deadline in which to file an amended complaint." (*Id.*)

## *II. ANALYSIS*

Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . excusable neglect." The court takes the following factors into account in assessing whether conduct is excusable:

> (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant.

*In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 866 (8th Cir. 2007) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, the court has carefully reviewed Plaintiff's Motion for Relief from Judgment (filing no. 18) in light of these four factors and finds that Plaintiff is entitled to relief from judgment based on excusable neglect. Although Plaintiff failed to respond in any way to the court's September 16, 2010, Memorandum and Order, the court is persuaded by Plaintiff's argument that he did not respond because, due to his change of address, he received the court's September 16, 2010, Memorandum and Order past the deadline for filing an amended complaint and assumed the court would give him a new deadline for filing an amended complaint. (*Id.* at CM/ECF p. 2.) Further, Plaintiff promptly responded to the court's order dismissing his Complaint, and there is no danger of prejudice to a non-moving party, as no defendant has yet been served with summons. Accordingly, the court will grant Plaintiff's Motion for Relief from Judgment (*id.*). Plaintiff will be given until December 22, 2010, to amend his Complaint to clearly state a claim upon which relief may be granted against Defendants in accordance with the court's September 16, 2010, Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Notice of Appeal (filing no. 18), which the court liberally construes as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b), is granted.

2. Plaintiff shall have until December 22, 2010, to amend his Complaint to clearly state a claim upon which relief may be granted against Defendants in accordance with the court's September 16, 2010, Memorandum and Order. If Plaintiff fails to file an amended complaint by December 22, 2010, Plaintiff's claims

against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

3. The clerk of the court is directed to resend to Plaintiff the court's September 16, 2010, Memorandum and Order (filing no. 10).

4. The clerk of the court is directed to set a pro se case management deadline in this case using the following test: Check for amended complaint on December 22, 2010.

5. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice**.

DATED this 22nd day of November, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.