IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARRMON H. DAUGHERTY, | ) | 4:10CV3111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF LINCOLN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 43.)  As set forth below, the Motion is denied, and Plaintiff will be given an additional 30 days in which to effect service of process on Defendants.

## BACKGROUND

Plaintiff filed this action on June 9, 2010. (Filing No. 1.)  After numerous delays and extensions of time, the court allowed this matter to proceed to service on January 4, 2011.  (Filing No. 30.)  The court gave Plaintiff until May 3, 2011, to effect service of process on Defendants. (*Id.*)  On March 29, 2011, the clerk's office issued seven summons forms to Plaintiff.  (Filing No. 32.)  On April 11, 2011, all seven summons forms were delivered by the United States Marshal's Service to the following address, provided by Plaintiff: 575 South 10th Street, Lincoln, Nebraska. (Filing Nos. 34-40.)  On April 12, 2011, all of the issued summons forms were returned as "executed." (*Id.*)

## DISCUSSION

Defendants argue in their Motion to Dismiss that service of process was improper in this matter. (Filing No. 44 at CM/ECF pp. 1-4.)  Specifically, Defendants argue that, pursuant to Plaintiff's Amended Complaint, Plaintiff has sued the law

enforcement officers in their official capacities only. (*Id.*)  As such, in order to properly serve Defendants, Plaintiff was required to serve them according to the provisions set forth in Federal Rule of Civil Procedure 4(j)(2).  The court agrees.

In Plaintiff's Amended Complaint, which is the operative complaint in this matter, Plaintiff sues the City of Lincoln, the Lincoln Police Department, and five law enforcement offices.  (Filing No. 28.)  The court construes Plaintiff's suit as being against the officers in their official capacities only, as Plaintiff did not specivy whether they were being sued in their official or personal capacities.  *See Johnson v. Outboard Marine Corp ., 172 F.3d 531, 535 (8th Cir. 1999)* (holding that absent an express statement that defendant public servants are being sued in their individual capacity, § 1983 suits will be construed as being against defendants in their official capacity).  Further, the court construes Plaintiff's suit against the Lincoln Police Department and the officers in their official capacities as being a suit against the City of Lincoln, Nebraska.  *See id.*

The City of Lincoln is a municipal corporation.  Federal Rule of Civil Procedure 4(j) requires that service on a state, a municipal corporation, or any other state-created governmental organization must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.  Fed. R. Civ. P. 4(j)(2).  With regard to section (B), Neb. Rev. Stat. § 25-510.02(2) provides that "[a]ny county, city or village of this state may be served by personal, residence, certified mail, or designated delivery service upon the chief executive officer or clerk."

As set forth above, in order to properly serve Defendants, Plaintiff was required to serve the chief executive officer or clerk, neither of which reside or office at the address listed on the summons forms completed by Plaintiff.  Rather, in their Motion to Dismiss, Defendants state that the offices of the mayor and clerk are located at 555 South 10th Street, Lincoln, Nebraska.  (Filing No. 44 at CM/ECF p. 2.)

"While a defect in service may result in the dismissal of the improperly served person, a court has broad remedial power to correct the service, . . . especially where justice demands and prejudice would not result to the improperly served parties." *McCaslin v. Cornhusker State Indus.*, 952 F. Supp. 652, 659 (D. Neb. 1996) (internal citation omitted). As set forth above, service on Defendants was improper. However, on the court's own motion, Plaintiff shall have an additional 30 days in which to effect service of process on Defendants. Plaintiff is cautioned that he must comply with the Federal Rules of Civil Procedure in serving Defendants. Failure to properly serve any Defendant within 30 days will result in the dismissal of the claims against that Defendant.

IT IS THEREFORE ORDERED that:

1.      Defendants' Motion to Dismiss (filing no. 43) is denied without prejudice to reassertion. Plaintiff shall have until November 4, 2011, to properly serve Defendants with service of process. The clerk's office is directed to set the following pro se case management deadline: November 4, 2011: Deadline for Plaintiff to properly serve Defendants.

2.      The clerk's office shall send seven summons forms and seven USM-285 forms to Plaintiff, together with a copy of this Memorandum and Order.

DATED this 6th day of October, 2011.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.