IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARRMON H. DAUGHERTY, | ) | 4:10CV3111 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF LINCOLN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Relief from Judgment and Brief in Support of Motion. (Filing Nos. 65 and 66.) On March 29, 2012, the court dismissed Plaintiff's Amended Complaint and entered Judgment against him. (Filing Nos. 63 and 64.) Specifically, the court dismissed Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it failed to state a claim upon which relief may be granted. (Filing No. 63.) Plaintiff seeks relief from the court's Judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) based on "excusable neglect."

Rule 60(b)(1) permits a district court to grant relief from a judgment entered because of a party's excusable neglect. *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation,* 496 F.3d 863, 866 (8th Cir. 2007). Excusable neglect has two components: (1) neglect or noncompliance, and (2) that is excusable. *Id.* The court considers four factors in assessing whether conduct is excusable:

> (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant.

*Id.* These four factors do not carry equal weight; the reason for delay is a key factor in the analysis. *Id.* at 867.

Plaintiff's basis for arguing excusable neglect is difficult to decipher. As best as the court can tell, Plaintiff argues that he should be excused from judgment because the court's prior orders in this matter "led [him] to believe that his Amended Complaint complied with the requirements of Fed.R.Civ.P. 8(a)(2)." (Filing No. 66 at CM/ECF p. 2.) Thus, because the court led him to believe that his Amended Complaint complied with Rule 8 pleading requirements, the court should not have dismissed the Amended Complaint for failure to comply with Rule 8 pleading requirements. (*Id.*)

Plaintiff's Motion lacks merit. The court dismissed Plaintiff's Amended Complaint because it failed to state a claim upon which relief may be granted, not because Plaintiff failed to comply with Rule 8 pleading requirements. Plaintiff has not demonstrated excusable neglect, and his Motion will be denied.

IT IS THEREFORE ORDERED that: Plaintiff's Motion for Relief from Judgment (Filing No. 65) is denied.

DATED this 9th day of May, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.